UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES HALL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF WHATCOM, *et al.*, <br><br> Defendants. | No. C09-1545RSL <br><br> ORDER GRANTING IN PART AND DENYING IN PART THE WHATCOM COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

**INTRODUCTION**

This matter comes before the Court on defendants Whatcom County's and Mark Wright's motion for summary judgment regarding all of the claims asserted against them in the above-captioned matter. Dkt. # 62. On October 29, 2009, plaintiffs James Hall, Kurt Hall, and Mark Hall asserted claims against Whatcom County and its Deputy, Mark Wright, for violation of plaintiffs' civil rights, assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, and negligence. Dkt. # 1.

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier

ORDER REGARDING THE WHATCOM COUNTY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 1

of fact could find other than for the moving party. Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Celotex Corp., 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The Court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 150-51 (2000). However, the production of "a scintilla of evidence in support of the non-moving party's position" is not sufficient. Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). Hyperbole, supposition, and conclusory accusations cannot take the place of evidence. CarePartners LLC v. Lashway, 2010 WL 1141450 (W.D. Wash. 2010) (citing British Airways Bd. v Boeing Co., 585 F.2d 946, 955 (9th Cir. 1978)). Nor will the production of a stack of uncited documents in opposition to or in support of a motion for summary judgment satisfy a party's burden. The Court need not, and will not, "scour the record in search of a genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996); see also, White v. McDonnell-Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim").

Having considered the memoranda,[1] declarations,[2] and exhibits[3] submitted by the

---

[1] The Court GRANTS plaintiffs' motion for leave to file an overlength brief (Dkt. # 99) to accommodate their motion to strike the expert testimony of George Williams.

The Court also notes that Whatcom County and Deputy Wright (hereinafter, "defendants" or "the Whatcom County defendants") have violated Local Civ. R. 10(e), which requires all motions to be double-spaced. Had the Whatcom County defendants complied with that rule, their motion would have far exceeded the 30 pages the Court authorized. The Court warns defendants that future violations of the governing rules of procedure may result in sanctions, including striking any over-

ORDER REGARDING THE WHATCOM COUNTY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 2

parties and having heard the arguments of counsel, the Court finds as follows:

## FACTS

While recognizing that the facts must be considered in the light most favorable to plaintiffs, the Court notes that there are material discrepancies among the three plaintiffs' versions of events, and sometimes even within a single plaintiff's version of events. The Court has considered each plaintiff's testimony regarding the events of July 30, 2008, when evaluating the evidence related to that plaintiff's claims.

On July 30, 2008, plaintiff James Hall was driving a truck home from church with his brother, plaintiff Kurt Hall, and father, plaintiff Mark Hall, as passengers. When a car behind them flashed its lights, plaintiffs thought they either knew the driver or that the driver might be in need of assistance. James Hall pulled the truck over and saw the driver, Deputy Wright, get out of the car and walk toward the truck. Deputy Wright was not in uniform and did not otherwise indicate that he was a Sheriff's Deputy. James and Kurt Hall got out of the

---

length pages.

[2] Having reviewed Mr. Williams' declaration, it is clear that his opinions are based on the version of disputed facts that favors defendants. Because the Court must view the facts in the light most favorable to the non-moving party on summary judgment, Mr. Williams' opinions are neither relevant nor helpful. The Court has not considered the declaration in ruling on this motion.

[3] The parties have provided deposition transcripts and/or excerpts of deposition transcripts that do not include a signed reporter's certification. In addition, Whatcom County and Deputy Wright (hereinafter, "the Whatcom County defendants") have not authenticated the transcripts or any other exhibit. Although these exhibits could be stricken for lack of authentication and foundation (Orr v. Bank of America, 285 F.3d 764, 773-774 (9th Cir. 2002)), neither party has objected and the Court has considered the documents on the assumption that the parties will be able to provide the proper authentication and foundation at trial.

Defendants have moved to strike plaintiffs' use of the testimony of Officer Johnston and Deputy Gates as expert testimony. Plaintiffs did not timely identify Officer Johnston or Deputy Gates as expert witnesses. While they may provide opinion testimony as to facts within their personal knowledge, plaintiffs may not use them as expert witnesses. Fed. R. Civ. P. 37(c)(1); Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir. 2005) (Rule 37 allows a Court to exclude evidence from an untimely disclosed witness unless the party's failure to disclose the witness was substantially justified).

ORDER REGARDING THE WHATCOM COUNTY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 3

truck and walked back towards the other driver, asking if anything was wrong. The Hall brothers had their hands in their pockets as they approached Deputy Wright. Without warning or provocation, Deputy Wright struck James Hall in the throat with an open palm and subsequently poked Kurt in the eye. When Mark Hall got out of the truck, James Hall told him that Deputy Wright had struck him in the throat. Amidst much shouting and arguing, Deputy Wright identified himself as an off-duty deputy and showed his badge.

## DISCUSSION

### A. 42 U.S.C. § 1983

To establish a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) the action occurred under color of state law and (2) the action resulted in a deprivation of a constitutional right or a federal statutory right. Paratt v. Taylor, 451 U.S. 527, 535 (1981). The Whatcom County defendants do not dispute that Deputy Wright was acting under color of state law, but argue that his conduct did not deprive any of the named plaintiffs of a constitutional right. James and Kurt Hall argue that Deputy Wright violated their Fourth Amendment right to be free of excessive force when he struck James Hall in the throat and poked Kurt Hall in the eye.[4]

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989). The Court first evaluates the type and amount of force used to assess the gravity of the particular intrusion on plaintiff's Fourth Amendment interests. Miller v. Clark County, 340 F.3d 959, 964 (9th Cir.

---

[4] At oral argument, plaintiffs acknowledged that they have abandoned their unreasonable search and seizure claim against Deputy Wright and Whatcom County. Plaintiffs have also failed to present any evidence or argument in support of the myriad other constitutional claims asserted in their complaint, including Mark Hall's excessive force claim and the alleged violations of the due process clause, the equal protection clause, and the Eighth Amendment. The Court has therefore considered only the excessive force claims asserted by James and Kurt Hall.

ORDER REGARDING THE WHATCOM COUNTY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 4

2003). The Court must then consider the importance of the government interests at stake by evaluating (1) the severity of the crime or conduct of which plaintiff was suspected, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight. Id. It is the balance between the gravity of the intrusion on the individual and the government's need for that intrusion that determines whether the force used was constitutionally reasonable. Id.; Liston v. County of Riverside, 120 F.3d 965, 976 (9th Cir. 1997). "The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396.

### 1. James Hall

Taking the evidence in the light most favorable to plaintiff, Deputy Wright struck James Hall in the throat hard enough to cause him to fall backwards and suffer bruising to his right vocal chord. This level of force is significantly below that which is often the subject of excessive force claims: there is no allegation that Deputy Wright used a baton, pepper spray, taser, canine, or other sort of weapon, that he opted for a strike or pain hold designed to intensify discomfort or injury, or that he repeated the strike. Nonetheless, an open-palmed blow to the throat would not be pleasant, could have caused significant injury, and clearly exceeds other control measures that were available to Deputy Wright, such as voice commands and distancing techniques. The Court finds that the intrusion on James Hall's Fourth Amendment interests was significant.

With respect to the second Graham factor, the only governmental interest at issue was officer safety. Deputy Wright testified that he did not pull plaintiffs over for a traffic stop, and defendants have offered no public safety justification for initiating contact with plaintiffs. Taking the evidence in the light most favorable to plaintiffs, James Hall and his brother approached Deputy Wright at a normal pace and asked if he needed assistance. Deputy Wright was faced with two subjects approaching him with their hands in their pockets and felt that

ORDER REGARDING THE WHATCOM COUNTY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 5

some action was necessary in order to ensure his own safety. Having created the situation in which he found himself, however, officer safety – in the absence of any suspected crime or noncompliance on the part of the subjects – offers only a weak justification for the use of any level of force. A reasonable jury could find that the force used against James Hall was excessive given the totality of the circumstances.

**2. Kurt Hall**

Plaintiff Kurt Hall's excessive force claim is based on the allegation that Deputy Wright poked him in the eye. The timing and circumstances of the alleged poke are not clear. While it appears that it occurred at some point after James Hall was struck in the throat, the exact timing and the severity of the contact is unknown. Plaintiffs have not identified, and the Court has not found, any evidence that the poke caused Kurt Hall physical harm or even significant discomfort.[5] The Court finds the intrusion on Kurt Hall's Fourth Amendment interests to be minimal.

With regards to the governmental interest at stake, plaintiffs acknowledge that Mark Hall joined his sons on the roadside and that all three men were yelling at Deputy Wright following the strike to James Hall's throat. While Deputy Wright was far from blameless in creating the situation in which he found himself, his concerns about his own safety were objectively heightened as three individuals exhibited their displeasure with him. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." Graham, 490 U.S. at 396. Balancing the minimal intrusion suffered by Kurt Hall against the officer's heightened concerns for his personal safety, the Court finds that the poke in the eye does not constitute excessive force.

---

[5] Although Kurt Hall and his counsel assert that plaintiff has suffered significant psychological harm as a result of his interactions with the police on July 30, 2008, they have not attributed that harm to the alleged poke in the eye.

ORDER REGARDING THE WHATCOM COUNTY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 6

**3. Qualified Immunity**

Whether Deputy Wright is entitled to qualified immunity depends on (1) whether the facts that the plaintiffs have alleged make out a constitutional violation and, (2) if so, whether the constitutional right at issue was clearly established at the time of the violation. Saucier v. Katz, 533 U.S. 194, 201 (2001).[6] Having determined that violations of James Hall's Fourth Amendment rights could be established on a favorable view of plaintiffs' evidence, the Court must determine whether the right was clearly established at the time of the incident. It was. Graham, 490 U.S. at 395; P.B. v. Koch, 96 F.3d 1298, 1303-04 n.4 (9th Cir. 1996). Qualified immunity is inappropriate because a reasonable officer would have known that striking an individual who is attempting to offer assistance, without warning or provocation, is unlawful. Saucier, 533 U.S. at 202. Of course, if Deputy Wright is able to establish his version of the events of July 30, 2008, at trial, the jury may well find that no constitutional violation occurred. For purposes of a qualified immunity analysis, however, the Court must accept plaintiffs' version of the facts.

**4. Municipal Liability**

Plaintiffs seek to hold Whatcom County liable for the excessive force allegedly used against James Hall. A local government may be held liable under 42 U.S.C. § 1983 in the following circumstances: (1) "when implementation of its official policies or established customs inflicts the constitutional injury"; (2) "for acts of 'omission,' when such omissions amount to the local government's own official policy[,]" such as for failure to adequately train or supervise employees; or (3) "when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." Clouthier v. County of Contra Costa, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (quoting Monell v. New York City Dep't of Soc.

---

[6] The Supreme Court modified Saucier in Pearson v. Callahan, 555 U.S. 223, 129 S. Ct. 808, 818 (2009). Under Pearson, the decisional sequence is no longer mandatory. Here, the Court concludes that the Saucier analysis, although no longer required, is appropriate.

ORDER REGARDING THE WHATCOM COUNTY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 7

1  Servs., 436 U.S. 658, 708 (1978)) (internal quotations omitted). Plaintiffs maintain that
2  Whatcom County failed to adequately train or supervise Deputy Wright. To succeed on this
3  claim, they must show that the government's omission amounted to deliberate indifference to
4  the constitutional rights of persons with whom the police come in contact. City of Canton v.
5  Harris, 489 U.S. 378, 389 (1989); Clouthier, 591 F.3d at 1249.

6        Plaintiffs argue that Deputy Wright's testimony regarding his training establishes
7  an unconstitutional municipal policy. Plaintiffs are mistaken. At most, the testimony shows
8  that Whatcom County trains its deputies to "use strikes to vulnerable areas" when they are in
9  danger of imminent assault. Plaintiffs do not explain how this unremarkable training reflects
10  deliberate indifference to plaintiffs' Fourth Amendment rights. Threats to officer safety will
11  often justify some use of force. Even if plaintiffs are able to show that Deputy Wright
12  misapplied his training – *i.e.*, that he struck a vulnerable area when he was not actually in
13  danger of imminent assault – such an isolated incident is insufficient to impose liability under
    Monell. Oklahoma City v. Tuttle, 471 U.S. 808, 821-23 (1985).

14  **B. Assault and Battery**

15        "An assault is an attempt, with unlawful force, to inflict bodily injuries upon
16  another, accompanied with the apparent present ability to give effect to the attempt if not
17  prevented." Brower v. Ackerley, 88 Wn. App. 87, 92 (1991). An actor is subject to liability
18  for assault if "(a) he acts intending to cause a harmful or offensive contact with the person of
19  the other or a third person, or an imminent apprehension of such a contact, and (b) the other is
20  thereby put in such imminent apprehension." Id. at 93 (citing Restatement (Second) Torts
21  § 21). A battery is the intentional infliction of harmful bodily contact with plaintiff. Morinaga
22  v. Vue, 85 Wn. App. 822, 834 (1997).

23      **1. James Hall**

24        The Court has already found that triable issues of fact exist with respect to James
25  Hall's claim for excessive use of force against Deputy Wright. If plaintiff is able to show that

26  ORDER REGARDING THE WHATCOM COUNTY
    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 8

Deputy Wright's use of force was unreasonable and therefore unlawful, he may be able to establish his assault and battery claim. See Boyles v. City of Kennewick, 62 Wn. App. 174, 176 (1991) ("Generally, a police officer making an arrest is justified in using sufficient force to subdue a prisoner, however he becomes a tortfeasor and is liable as such *for assault and battery* if unnecessary violence or excessive force is used in accomplishing the arrest.") (emphasis in original).

### 2. Kurt Hall

The Court has already found that Deputy Wright's contact with Kurt Hall does not constitute excessive force: given the circumstances in which he found himself, Deputy Wright was privileged to use a minimal level of force to ensure his own safety. Under Washington law, the contact was therefore lawful and Deputy Wright is entitled to state law qualified immunity. McKinney v. City of Tukwila, 103 Wn. App. 391, 408-09 (2000). Even if such lawful contact could be the basis for a state law claim of assault and battery (it cannot), the Court would decline to exercise supplemental jurisdiction over the claim now that Kurt Hall's only federal claim has been dismissed. 28 U.S.C. § 1367(c)(3).

### 3. Mark Hall

Mark Hall did not testify that Deputy Wright made physical contact with him and has not provided any evidence that Deputy Wright intended to cause harmful contact.

## C. Intentional Infliction of Emotional Distress (Outrage)

The tort of outrage requires (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) severe emotional distress. Kloepfel v. Bokor, 149 Wn. 2d 192, 195 (2003). Mere indignities, threats, annoyances, petty oppressions, or other trivialities do not give rise to the tort of outrage: the conduct at issue must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Birklid v. Boeing Co., 127 Wn.2d 853, 867 (1995) (quoting Grimsby v. Samson, 85 Wn.2d 52,

59 (1975)). The Court finds that Deputy Wright's response to ambiguous circumstances, while potentially unlawful as to James Hall, was not extreme and outrageous.

**D. Negligence Claim**

Plaintiffs "voluntarily dismissed" their negligence claim against Deputy Wright (Dkt. # 103 at 25) and do not address the merits of their negligence claim against Whatcom County. Having failed to provide evidence that creates an issue of material fact with respect to the claim for negligence against either defendant, the claim will be dismissed.

**E. False Imprisonment**

"False arrest and false imprisonment can be distinguished by the manner in which each cause of action arises." Bender v. City of Seattle, 99 Wn. 2d 582, 590 (1983). "False arrest may be committed only by one who has legal authority to arrest or who had pretended legal authority to arrest." Id. In contrast, "false imprisonment may exist entirely apart from any purported process of law enforcement, as by private individuals acting on their own initiative for their own private purposes without any pretense of legal authority." Id. Plaintiffs abandoned their claims for false arrest and unreasonable seizure against the Whatcom County defendants and have not asserted that Deputy Wright, as a private individual without any pretense of legal authority, falsely imprisoned them.

**F. False Arrest and Malicious Prosecution**

At oral argument, plaintiffs acknowledged that they have abandoned their false arrest and malicious prosecution claims against Deputy Wright and Whatcom County.

## CONCLUSION

For all the foregoing reasons, the Whatcom County defendants' motion for summary judgment (Dkt. # 62) is GRANTED in part and DENIED in part. Only James Hall's claims against Deputy Wright for excessive force and assault and battery may proceed to trial. All other claims asserted against Deputy Wright and all claims asserted against Whatcom County are DISMISSED.

ORDER REGARDING THE WHATCOM COUNTY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 10

Plaintiffs' "2nd Motion for Leave to File an Excess Length Brief" (Dkt. # 99) is GRANTED.

Dated this 13th day of December, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER REGARDING THE WHATCOM COUNTY
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 11