UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES HALL, *et al.*,<br><br>             Plaintiffs,<br><br>    v.<br><br>COUNTY OF WHATCOM, *et al.*,<br><br>             Defendants. | No. C09-1545RSL<br><br>ORDER GRANTING DEFENDANT TARA WRIGHT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on defendant Tara Wright's motion for summary judgment. Dkt. # 60. On October 29, 2009, plaintiffs James Hall, Kurt Hall and Mark Hall filed this action against Whatcom County, Deputy Mark Wright, Jane Doe Wright, City of Ferndale, and Officer Chris Johnston. Dkt. # 1. "Jane Doe Wright" has now been identified as Tara Wright, Deputy Wright's wife. Plaintiffs have asserted claims against Ms. Wright in her individual capacity for violation of civil rights, assault and battery, false arrest, false imprisonment, intentional infliction of emotional distress, and negligence based on a 911 call in which she reported that (a) her husband was an officer, (b) three men were yelling at him, and (c) they were falsely claiming that her husband had struck one of them.[1]

---

[1] At oral argument, plaintiffs withdrew all claims against Ms. Wright in her capacity as a owner of the marital community. Whether plaintiffs have also withdrawn the claims asserted against

ORDER GRANTING DEFENDANT TARA WRIGHT'S
MOTION FOR SUMMARY JUDGMENT- 1

The facts alleged by plaintiffs cannot support a finding that Ms. Wright was a state actor under § 1983. On the evening of July 30, 2008, Ms. Wright observed the roadside interaction that gave rise to this litigation and placed a call to 911. Ms. Wright was not a commissioned deputy or employed in any capacity by Whatcom County. There is no indication that she acted at the behest of Deputy Wright or otherwise in concert with the state actors at the scene. The cases cited by plaintiffs are factually distinguishable and therefore unpersuasive. See Kirtley v. Rainey, 326 F.2d 1088 (9th Cir. 2002); United Steel Workers v. Phelps Dodge Corp., 865 F.2d 1539 (9th Cir. 1989); Goichman v. Rheuban Motors, Inc., 682 F.2d 1320 (9th Cir. 1982).

Nor can Ms. Wright's communication with the 911 dispatcher support plaintiffs' state law claims. "Under common law, liability will not be imposed on a defendant who does nothing more than detail his or her version of the facts to a police officer and ask the officer for assistance, thus leaving it to the officer to determine the appropriate response." Dang v. Ehredt, 95 Wn. App. 670, 681 (1999). Similarly, RCW 4.24.510 provides: "A person who communicates a complaint or information to any branch or agency of federal, state, or local government . . . is immune from civil liability for claims based upon the communication to the agency or organization regarding any matter reasonably of concern to that agency or organization." RCW 4.24.510.[2]

For all of the foregoing reasons, defendant Tara Wright's motion for summary judgment (Dkt. # 60) is GRANTED. All claims against Ms. Wright are hereby DISMISSED.

---

Ms. Wright in her individual capacity is not clear. The Court therefore addresses those claims on the merits.

[2] Former RCW 4.24.510 (1999) contained a good faith requirement that was deleted by amendment in 2002. Laws of 2002, ch. 232, §2; see Bailey v. State of Wn., 147 Wn. App. 251, 261 (2008). Even if good faith were necessary, there is no evidence that Ms. Wright intentionally misrepresented the details of her husband's interaction with the Halls.

ORDER GRANTING DEFENDANT TARA WRIGHT'S
MOTION FOR SUMMARY JUDGMENT- 2

1

2      Dated this 13th day of December, 2011.

3

4                              *[signature]*
                               Robert S. Lasnik
5                              United States District Judge

ORDER GRANTING DEFENDANT TARA WRIGHT'S
MOTION FOR SUMMARY JUDGMENT- 3